595 A.2d 141

**COMMONWEALTH of Pennsylvania**

v.

**James GAINES, Appellant.**

Superior Court of Pennsylvania.

Submitted May 8, 1991.

Filed July 25, 1991.

Jeremy C. Gelb, Philadelphia, for appellant.

Donna G. Zucker, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before ROWLEY, President Judge, and CIRILLO and JOHNSON, JJ.

ROWLEY, President Judge.

James Gaines appeals from the judgment of sentence entered July 11, 1990 in the Court of Common Pleas of Philadelphia County. He raises the following two issues in this appeal: (1) whether the trial court erred in denying appellant's motion to dismiss under Pa.R.Crim.P. 1100(d) where more than 120 days elapsed from the date his case was remanded by the Superior Court for retrial, and (2) whether the trial court erred in its instructions to the jury regarding appellant's alibi defense. After considering these issues, we affirm the judgment of sentence.

The following occurrences led to the filing of charges against appellant. On December 16, 1985, appellant was informed by his stepson, Michael Harris, that appellant's estranged wife, Hattie Gaines, would not speak with him as he had requested. Appellant reportedly stated, "If she didn't want to see me then whatever happens will be on her." In the early morning hours of December 17, 1985, Anthony Harris, Mrs. Gaines' other son, awoke to the sound of a crash in the livingroom of his apartment. He heard a car with a loud muffler driving away and noted that it sounded like the car his stepfather had been driving. He then saw flames coming from behind a stereo which was in front of a window. After extinguishing the fire, he called the police. During a subsequent investigation, a broken bottle and a wick were found on the floor of the livingroom. The fire marshall determined that the fire was of incendiary origin.

Shortly after the fire, Michael Harris went to visit his mother and informed her that appellant had firebombed the apartment. Mrs. Gaines then telephoned appellant and asked him why he was trying to kill her children. According to Mrs. Gaines, appellant responded with a death threat to her entire family. Approximately twenty minutes later, appellant appeared at Mrs. Gaines' home and threatened

her family again. Mrs. Gaines' stepdaughter called the police who arrested appellant about two blocks away from Mrs. Gaines' home. The police officer reported that the car which appellant was driving smelled like gasoline, and it was later determined that items of clothing confiscated from the car contained gasoline.

Appellant testified that he was asleep in his sister's home at the time the apartment was firebombed. He also testified that, after his wife called him and he heard how hysterical she was, he drove to her home to make sure that she was alright. Janet Gaines, appellant's sister, and Humphrey Conix, Janet's boyfriend, both corroborated appellant's alibi. Elbert Williams, one of appellant's friends, testified that he had loaned his car to appellant on the night in question and that previously, after working on the engine of the car, he had poured gasoline on some clothing in order to clean his hands and had put the clothing into the car when he was finished.

Appellant was first tried on June 11, 1986. However, after the jury began deliberating, the trial judge declared a mistrial when one of the jurors informed the forewoman that she knew both appellant and his wife. Appellant filed a motion seeking discharge on the grounds that retrial was barred by double jeopardy. On April 27, 1987, the trial court denied this motion, and appellant filed an appeal in this Court. On March 29, 1989, a panel of this Court affirmed the trial court's order denying appellant's motion. The record was returned to the Court of Common Pleas on May 2, 1989. The administrator of the Court of Common Pleas received the record on May 11, 1989. He listed appellant's case for trial on September 7, 1989 which was the earliest possible date consistent with the trial court's schedule.

On September 7, 1989, the case was continued until September 12 because the trial court was engaged in a jury trial. On September 12 and September 13, defense counsel requested continuances. On September 18, 1989, the trial court denied appellant's pretrial motions, including his mo-

tion to dismiss under Pa.R.Crim.P. 1100, and the case proceeded to a jury trial. Appellant was convicted of four counts of aggravated assault, and one count each of risking a catastrophe, recklessly endangering another person, arson, and possessing an incendiary device. Trial counsel filed timely post-verdict motions. Present counsel then entered his appearance and argued those motions. After denying the motions, the trial court sentenced appellant to an aggregate term of imprisonment of thirty-two and one-half to sixty-five years. Appellant then filed this timely appeal.

In his first issue, appellant contends that he was entitled to be discharged because he was not tried within 120 days after the date his case was remanded by this Court for retrial. The record was remanded to the trial court on May 2, 1989.[1] Accordingly, pursuant to Rule 1100(d)(2), the mechanical run date was August 30, 1989. The case was originally listed for trial on September 7, 1989,[2] eight days after the mechanical run date. At the hearing on appellant's pretrial motions, the court administrator testified that September 7 was the earliest available trial date consistent with the business of the court. Notes of Testimony (N.T.) 9/18/89 at 91, 92. Furthermore, the administrator testified that September 7 was the earliest

---

1. We disagree with the trial court that the date which the court administrator actually received the case is the applicable date on which to commence the running of the 120 days. *See* Trial Court Opinion 11/9/90 at 5. This determination is in disregard of the clear language of Rule 1100 which provides in relevant part the following:

   When an appellate court ... has affirmed an order of a trial court granting a new trial, the new trial shall commence within one hundred and twenty (120) days after the appellate court remands the record to the trial court.... The date of remand shall be the date as it appears in the appellate court docket.

   Pa.R.Crim.P. 1100(d)(2). The docket entries clearly show that the record was returned to the jurisdiction of the trial court on May 2, 1989 which is therefore the applicable starting date for the computation of time under Rule 1100.

2. Appellant does not take issue with the delay between the initial listing, September 7, 1989, and the date on which trial actually commenced, September 18, 1989, as this delay was due to the trial court's and defense counsel's unavailability.

date for which a public defender was available. N.T. 9/18/89 at 92, 93.

Clearly, the delay was not caused by a lack of due diligence on the part of the Commonwealth, but rather, congested court dockets. In this situation, the trial court is not automatically obligated to rearrange its docket to accommodate Rule 1100 run dates. *Commonwealth v. Wamsher*, 395 Pa.Super. 384, 399, 577 A.2d 595, 602 (1990). "While the trial court may be required to rearrange its docket, if possible, when judicial delay has caused a lengthy postponement beyond the period prescribed by Rule 1100, ... it should not be required to do so to avoid a delay of under 30 days as here." *Commonwealth v. Crowley*, 502 Pa. 393, 403, 466 A.2d 1009, 1014 (1983) (footnote omitted). In the present case, the eight-day delay was not so lengthy that the trial court was required to rearrange its docket so that appellant would be tried within the 120 day period.

Furthermore, we reject appellant's argument that "[i]t [was] incumbent upon the Commonwealth to file a timely petition for extension of time pursuant to Rule 1100(c) in the event overcrowded dockets or courtroom unavailability threaten[ed] to delay trial." Appellant's Brief at 3. When Rule 1100 was amended, with an effective date of December 31, 1987,[3] the subsection upon which appellant relies was deleted.[4] In addition, the cases which appellant cites to support this argument were decided before the amendments took effect. Nothing in the present rule requires the Commonwealth to file a petition to extend in this situation. The case was listed for trial on the first available date and the Commonwealth was prepared to proceed to trial on that date. For the above reasons, we

**3.** Because appellant's case was remanded for a new trial and a new period commenced running after this effective date, appellant's claim is governed by the amended rule. *See Wamsher, supra* (holding that the amendments to Rule 1100 apply to a case which is pending so long as the applicable run date under the former version did not expire before the effective date of the amendments.).

**4.** We also note that those portions of the Comment following the rule which discuss former subsection (c) are now obsolete.

affirm the order of the trial court denying appellant's motion to dismiss pursuant to Rule 1100.[5]

■ In his second issue, appellant contends that the trial court erred in its instruction to the jury regarding appellant's alibi defense. Appellant cites *Commonwealth v. Pounds*, 490 Pa. 621, 417 A.2d 597 (1980) in support of his argument. In *Pounds*, the defendant challenged the absence of an alibi instruction. The Supreme Court held that when a defendant presents alibi evidence he is entitled to an instruction to the jury that it should acquit the defendant "if [his] alibi evidence, even if not wholly believed, raised a reasonable doubt of his presence at the scene of the crime at the time of its commission and, thus, of his guilt." *Id.,* 490 Pa. at 633, 417 A.2d at 603 (footnote omitted). Appellant contends that the instruction at issue here was inadequate because it did not contain the "if not wholly believed" language of *Pounds*. This argument has been unsuccessful in the many cases in which this Court has considered it, such as *Commonwealth v. Jones,* 386 Pa.Super. 467, 563 A.2d 161 (1989), *allocatur granted,* 525 Pa. 632, 578 A.2d 926 (1990), in which an *en banc* panel of this Court held the following:

> [A] trial court alibi charge will not *per se* be deemed erroneous for failing to parrot the language of the *Pounds* Court. Rather, what is required of the trial court is that it make clear to the jury that the defendant's failure to prove alibi is not tantamount to guilt.

*Id.,* 386 Pa.Superior Ct. at 472, 563 A.2d at 163. *See also Commonwealth v. Woods,* 394 Pa.Super. 223, 575 A.2d 601 (1990); *Commonwealth v. Payne,* 385 Pa.Super. 9, 559 A.2d 951 (1989); *Commonwealth v. Bright,* 361 Pa.Super. 261,

5. In making this determination, we are cognizant of a recent Supreme Court decision, *Commonwealth v. Browne,* 526 Pa. 83, 584 A.2d 902 (1990), in which the Supreme Court stated the following:

> [W]e have become concerned that the Superior Court is more and more inclined to accept any and every excuse for failure to bring a criminal case to trial within the period prescribed by Rule 1100, and ... this case presented the opportunity to prevent further emasculation of Rule 1100.

*Id.,* 526 Pa. at 89, 584 A.2d at 905. In *Browne,* however, the delay was caused by a lack of due diligence on the part of the Commonwealth, unlike the present case which involves an issue of judicial delay.

522 A.2d 573 (1987), *allocatur denied,* 517 Pa. 597, 535 A.2d
1056 (1987); *Commonwealth v. Quarles,* 361 Pa.Super. 272,
522 A.2d 579 (1987), *allocatur denied,* 517 Pa. 592, 535 A.2d
82 (1987); *Commonwealth v. Johnson,* 336 Pa.Super. 1, 485
A.2d 397 (1984).[6]

In the present case, the trial court gave the following
instruction:

> Now, members of the jury, obviously the defendant can-
> not be guilty unless he was at the scene of the alleged
> crime. Now, you heard from the defendant and from his
> witnesses and they offered evidence to show that he
> wasn't present and you'll recall what they said. You
> should consider this evidence along with all other evi-
> dence in the case in determining whether or not the
> Commonwealth has met its burden of proving beyond a
> reasonable doubt that a crime was committed and that
> the defendant himself committed those crimes. The de-
> fendant's evidence that he was not present, either itself
> or together with other evidence, may be sufficient to raise
> a reasonable doubt of his guilt in your minds. If you
> have a reasonable doubt of the defendant's guilt you
> must find him not guilty.

N.T. 9/25/89 at 98. This instruction is basically identical to
those instructions given in the abovementioned cases. Sim-

**6.** Appellant also cites *Commonwealth v. Willis,* 520 Pa. 289, 553 A.2d
959 (1989) in support of his argument that the trial court was required
to incorporate the "even if not wholly believed" language of *Pounds.*
In *Willis,* however, the trial court "made only fleeting references to
the existence of an alibi defense. On appeal, the Supreme Court did
not address the adequacy of the standard jury instruction." *Common-
wealth v. Weinder,* 395 Pa.Super. 608, 621, 577 A.2d 1364, 1371 (1990).
*See also Commonwealth v. Lott,* 392 Pa.Super. 371, 374, 572 A.2d 1279,
1280 (1990) ("*Willis* does not stand for the proposition that a jury
instruction on alibi which fails to include the phrase 'even if not
wholly believed' warrants a new trial...."). Because the Supreme
Court did not address the adequacy of the standard instruction such
as the one given in the present case in either *Pounds* or *Willis,* we do
not agree with appellant that the Superior Court, in holding that the
"even if not wholly believed" language is not required, has "over-
rule[d], dilute[d] or ignore[d] a decision of the Supreme Court of
Pennsylvania." Appellant's Brief at 9.

ilarly, it was proper as it informed the jury that the Commonwealth retained the burden of proof and that appellant's alibi evidence should be considered to determine whether the Commonwealth met its burden. *See Jones, supra,* 386 Pa.Superior Ct. at 472, 563 A.2d at 163. We therefore conclude that the trial court did not err in its instruction regarding appellant's alibi defense. For the above reasons, the judgment of sentence is affirmed.

Judgment of sentence affirmed.