624 A.2d 1078

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Gregory NESMITH.**

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Richard REYES.**

Superior Court of Pennsylvania.

Argued Jan. 6, 1993.

Decided May 13, 1993.

Hugh Burns, Jr., Asst. Dist. Atty., Philadelphia, for Com., appellant.

Stuart Lev, Asst. Public Defender, Philadelphia, for appellees.

Before CIRILLO, BECK and KELLY, JJ.

BECK, Judge:

These consolidated Commonwealth appeals challenge the trial court's application of Pa.R.Crim.P. 6013, the Municipal Court speedy trial rule, to prompt trials de novo in the Court of Common Pleas following Municipal Court convictions.[1]

Specifically, the Commonwealth challenges the Philadelphia Court of Common Pleas' dismissal of all criminal charges against defendants already convicted by the Municipal Court where the defendants' trials de novo before the Court of Common Pleas commenced a single day after the mechanical Rule 6013(g) rundate as a result of court congestion. Because we conclude that, for different reasons, appellees' Rule 6013 speedy trial rights were not violated, we reverse. We will address separately the impact of Rule 6013(g) upon each appellee.

The trial histories of these cases are substantially similar. Appellees Richard Reyes and Gregory Nesmith were tried separately before the Philadelphia Municipal Court on unrelat-

---

1. All Municipal Court convictions are appealable as a matter of right to the Court of Common Pleas, pursuant to 42 Pa.C.S.A. § 1123(a)(2), which provides for the Municipal Court's exclusive jurisdiction over

(2) Criminal offenses by any person (other than a juvenile) for which no prison term may be imposed or which are punishable by imprisonment for a term of not more than five years, ... In cases under this paragraph the defendant shall have no right of trial by jury in the municipal court, but shall have the right of appeal for trial de novo, including the right of trial by jury, to the court of common pleas....

ed criminal charges. Their Municipal Court trials were timely under Rule 6013(a)(2).[2] Appellees each filed an appeal for a trial *de novo* in the Court of Common Pleas. The cases were subsequently listed for arraignment on March 13, 1992 in the same Common Pleas courtroom. Appellees were both represented by the Public Defender's office, and their cases were scheduled for trial on May 12, 1992.

On May 11, 1992, the Public Defender filed Rule 6013 petitions to dismiss the charges against appellees, asserting that their Rule 6013(g) rundates expired that day. The trial court conducted an evidentiary hearing on May 12, 1992, and discharged the defendants. At the hearing the Commonwealth presented the testimony of Charles R. Lanzalotti, Deputy Manager of Criminal Listings for the Philadelphia Court of Common Pleas. Mr. Lanzalotti testified extensively regarding the administrative procedures used to schedule appellees' trial before their rundates in compliance with the speedy trial rules. The trial court concluded that the Commonwealth had not been duly diligent in bringing appellees to trial before the expiration of their Rule 6013 periods, and granted appellees' Rule 6013 petitions. These appeals followed.

▄▄▄▄ The timeliness of Common Pleas trials de novo following Municipal Court convictions are determined by Pa.

---

**2.** Rule 6013(a)(2) requires that Municipal Court trials of defendants arraigned after June 30, 1975 commence "no later than one hundred twenty (120) days from the date on which the preliminary arraignment is held."

Appellee Reyes' Municipal Court trial on charges of simple assault and resisting arrest was held on January 27, 1992, 88 days after his preliminary arraignment on October 31, 1991. Appellee Nesmiths' Municipal Court trial on charges of possessing narcotics and illegal weapons, and resisting arrest, commenced with arraignment on June 15, 1991.

Appellee Nesmith was convicted of all charges at the conclusion of trial on February 5, 1992, more than three years after his preliminary arraignment on December 4, 1988. The lengthy delay in completing Nesmith's Municipal Court trial resulted from his repeated violations of bail by failing to appear in court for his numerous and repeatedly rescheduled trial dates. The periods of delay resulting from Nesmith's unavailability were entirely excludable from the Rule 6013(a)(2) period. Pa.R.Crim. 6013(d)(2)(i).

R.Crim.P. 6013, the Municipal Court speedy trial rule. Rule 6013(g) provides that

> A trial de novo in the Court of Common Pleas shall commence within a period of ninety (90) days after the notice of appeal from the Municipal Court is filed. In all other respects the provisions of Rule 1100 shall apply to such trials in the Court of Common Pleas.

When the Commonwealth is unable to bring a defendant to trial within the period specified by the speedy trial rules, it has the burden of proving that it acted with due diligence in attempting timely to try the defendant. *Commonwealth v. Edwards,* 528 Pa. 103, 107–08, 595 A.2d 52, 54 (1991).

Our review of the trial court's orders granting appellees' Rule 6013 petitions is limited to determining whether the court abused its discretion or committed an error of law in finding that the Commonwealth was not duly diligent in bringing appellees to trial within the 90–day time limit imposed by Rule 6013(g). *Commonwealth v. Wamsher,* 395 Pa.Super. 384, 577 A.2d 595, 602–603 (1990). We are limited to the evidence presented at the Rule 6013 hearing and the findings of the trial court, and must view the evidence in a light most favorable to appellees as the prevailing parties below. *See Commonwealth v. Edwards,* 528 Pa. at 107–11, 595 A.2d at 54–55. After reviewing the records using these standards, we find that the trial court abused its discretion by dismissing the charges against appellees.

Appellee Nesmith filed his notice of appeal for a trial de novo on February 11, 1992. Under Rule 6013(g), Nesmith's mechanical rundate was May 11, 1992. Nesmith was not brought to trial until May 12, 1992, the day after the 90–day mechanical rundate.

At the Rule 6013 hearing, the Commonwealth presented evidence to explain the cause of the delay in Nesmith's case and to establish its due diligence. Charles R. Lanzalotti, Deputy Administrator for Criminal Listings for the Philadelphia Court of Common Pleas, testified that initially appellees' cases were scheduled for trial on March 13, 1992, the earliest

possible date consistent with the trial court's business. Mr. Lanzalotti further stated that the Commonwealth never made any requests to delay appellees' trials. According to Mr. Lanzalotti, fifty-four criminal cases were listed for trial on March 13, 1992, and six courtrooms were available to try criminal cases. Of the fifty-four cases listed in the trial listing courtroom on that date, forty were cases in which defendants were represented by the Public Defender. Appellees' cases were the last two cases on the list for the day.

Mr. Lanzalotti described in detail the procedure used to assign trial dates following arraignment of the fifty-four cases. Each case was dealt with in the order in which it appeared on the court's list. The court staff attempted to comply with the speedy trial rules and schedule trials in a manner minimizing police overtime costs. The forty Public Defender cases were scheduled for trial, however, according to their Rules 1100/6013 status and the availability of assistant public defenders in the trial courtrooms. The rundate of each case was identified as the case was called from the list. Cases which had no apparent Rules 1100/6013 rundate problems were assigned trial dates which avoided police witness overtime; cases which had potential Rules 1100/6013 rundate problems were assigned the earliest possible date consistent with the court's business.

Using this procedure on March 13, 1992, some of the Public Defender cases, which appeared earlier on the list and did not have rundate problems, were assigned trial dates earlier than appellees'. Mr. Lanzalotti explained that earlier trial dates could have been given to appellees had they been represented by private counsel. No earlier dates were available for appellees because they were represented by the Office of the Public Defender, which had requested that only eight Public Defender cases be scheduled daily for trial in each courtroom. Under these circumstances, by the time appellees' cases were called for arraignment and scheduled for trial, the earliest possible date consistent with the court's business and defense counsel's scheduling request was May 12, 1992.

After hearing the Commonwealth's evidence, the trial court found that the Commonwealth was not duly diligent in bringing Nesmith to trial before his Rule 6013 rundate. The court based this finding on its conclusion that the Commonwealth failed to pay sufficient attention to the potential rundate problems in these cases by failing to bring the rundate problems in these cases to the attention of the court. The court's opinion implies that the Commonwealth's lack of due diligence was based upon its failure to ask the court to handle these cases, the last two of the fifty-four cases on the court's list on March 13, 1992, in a manner different from the rest of the cases on the list.[3] The trial court's imposition of such an obligation upon the Commonwealth, in order to establish its due diligence under Rule 1100, must be rejected.

Our courts have consistently rejected the view that the trial courts, particularly in urban areas with severely crowded criminal and civil dockets, must continually arrange and rearrange their schedules to accommodate the speedy trial rules. *See, Commonwealth v. Mayfield,* 469 Pa. 214, 222, 364 A.2d 1345, 1349–1350 (1976); *Commonwealth v. Crowley,* 502 Pa. 393, 466 A.2d 1009, 1013 (1983); *Commonwealth v. Smith,* 524 Pa. 72, 569 A.2d 337, 338–340 (1990), *Commonwealth v. Gaines,* 407 Pa.Super. 94, 98–100, 595 A.2d 141, 143 (1991); *Commonwealth v. Wamsher,* 395 Pa.Super. 384, 399–400, 577 A.2d 595, 603 (1990); *Commonwealth v. Miller,* 390 Pa.Super. 129, 568 A.2d 228 (1990); *Commonwealth v. Bell,* 386 Pa.Su-

3. The trial court also concluded that the Commonwealth was not diligent because it failed to "ask for an 'out-of-squad' date for trial." Opinion, Lazarus, J. (7/15/92). This conclusion is unsupported by the evidence presented at the Rule 6013 hearing. Mr. Lanzalotti testified that "out-of-squad" dates, trial dates which do not require overtime payments for police witnesses, were only given to cases that had no rundate problems. Appellees' cases, however, were certified for the earliest possible dates *without* regard to police overtime precisely because they presented rundate problems.

At the evidentiary hearing, the trial court apparently considered the Commonwealth's failure to file a petition to extend the Rule 6013(g) period as evidence of the Commonwealth's lack of due diligence. The court appropriately omitted from its opinion this basis for granting appellees' petitions, as the the filing of extension petitions is no longer required by Rule 1100 as recently amended. *See Commonwealth v. Gaines,* 407 Pa.Super. 94, 98–100, 595 A.2d 141, 143 (1991).

per. 164, 562 A.2d 849 (1989). As the Supreme Court stated in *Commonwealth v. Crowley*, "[w]hile the trial court may be required to rearrange its docket, if possible, when judicial delay has caused a lengthy postponement beyond the period prescribed by Rule 1100, ... it should not be required to do so to avoid a delay of under 30 days...." *Crowley*, 502 Pa. 393, 403, 466 A.2d 1009, 1014 (footnote omitted).

Thus, in *Commonwealth v. Gaines*, 407 Pa.Super. 94, 98–100, 595 A.2d 141, 143 (1991), we reversed the Rule 1100(d)(2) dismissal of criminal charges based upon an administrative delay ,of eight days past the 120–day Rule 1100 period triggered by our remand to the trial court for retrial after direct appeal. *Id.*, 407 Pa.Super. at 98–100, 595 A.2d at 143. Similarly, in *Commonwealth v. Wamsher*, 395 Pa.Super. at 384, 577 A.2d at 595, we reinstated criminal charges discharged under Rule 1100(d)(1) where court congestion required scheduling a retrial following withdrawal of a guilty plea ten days past the mechanical rundate. *Id.*

Here, we find no evidence to support the trial court's finding that the delay of appellee Nesmith's trial a single day past his mechanical Rule 6013(g) rundate was caused by the Commonwealth's lack of due diligence. Rather, the record establishes that the Commonwealth was ready to try Nesmith before his rundate, but was prevented from doing so by the court's congested docket and the Public Defender's request that the court assign a limited number of cases to the assistant public defenders in each trial courtroom. The trial court thus abused its discretion by disregarding the evidence of judicial delay presented at the evidentiary hearing and granting appellee Nesmith's Rule 6013 petition.

■ The court's grant of Appellee Reyes' petition was erroneous for the simple reason that the mechanical Rule 6013 rundate had not expired as of the May 12, 1992 trial date. Appellee Reyes' Municipal Court trial was held on January 27, 1992. When Reyes filed his notice of appeal for a Common Pleas trial de novo, his motion was date-stamped by the Clerk of Quarter Sessions as filed on February 21, 1992. The Court of Common Pleas Docket Entries statement confirms this

filing date. The notice of appeal also contains a hand-written notation that the notice was filed on February 11, 1992. Although the Court of Common Pleas Docket Entries statement confirms the February 21st filing date, the trial court calculated Reyes' rundate based upon the unofficial February 11, 1992 date alleged in appellee's Rule 6013 petition. Clearly, the unsigned, hand-written record of the date of filing cannot control the operation of Rule 6013.

On the basis of the official trial court docket, we conclude that appellee Reyes filed his notice of appeal for a trial de novo on February 21, 1992, the date of filing as it appears on the trial court docket. *Cf. Commonwealth v. Gaines*, 407 Pa.Super. 94, 98–100, 595 A.2d 141, 143 n. 1 (1991) (date of remand of the record as it appears in the appellate court docket, not the date on which the court administrator actually receives the case, triggers the Rule 1100(d)(2) period for retrial following direct appeal). Using the filing date as it appears on the trial court docket, the 90–day period in which to commence Reyes' trial de novo pursuant to Rule 6013(g) would have expired on May 21, 1992. Under these circumstances, Reyes' Rule 6013 speedy trial rights were not violated by his being brought to trial on May 12, 1992, and his Rule 6013 petition should have been dismissed as premature.[4]

For the foregoing reasons, the orders granting appellees' petitions to dismiss the bills of information are vacated, the charges against appellees are reinstated and the cases are remanded for trial *de novo* in the Court of Common Pleas.

Reversed and remanded. Jurisdiction relinquished.

---

4. Even if the incorrect filing date was used to calculate Reyes' rundate, the scheduling of his trial de novo one day later would not have violated his Rule 6013(g) speedy trial rights for the reasons discussed with respect to appellee Nesmith.