641 A.2d 318

**COMMONWEALTH of Pennsylvania,**

v.

**Terrell NORM, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 17, 1994.

Filed May 4, 1994.

John W. Packel, Asst. Public Defender, Philadelphia, for appellant.

Kathy L. Echternach, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before CIRILLO, BECK and JOHNSON, JJ.

BECK, Judge.

■ The issue is whether the operation of an Agreement between the Philadelphia Public Defender and Court Administrator (the "Agreement") affects the trial run date for purposes of Pa.R.Crim.P. 6013(g). The Agreement limits the number of felony waiver cases assigned to public defenders that may be listed in any one courtroom in a day. Rule 6013(g) requires that after trial in municipal court a defendant shall be brought to trial *de novo* in the court of common pleas within 90 days after filing a notice of appeal. We hold that delay in the scheduling of a trial date because of the Agreement is attributable to the defendant. Therefore, we affirm the trial court's denial of appellant's motion to dismiss.

Appellant was found guilty of theft in Philadelphia Municipal Court and appealed to the Court of Common Pleas for a trial *de novo*. After a bench trial he was found guilty and sentenced to one year probation. In his timely filed appeal to this court, he claims that the trial court erred in denying his motion to dismiss pursuant to Pa.R.Crim.P. 6013.

Appellant filed his notice of appeal from the Municipal Court to the Court of Common Pleas ("Notice") on November 27, 1992. Under Rule 6013, the Commonwealth has 90 days after the filing of the Notice to bring appellant to trial.[1] Appellant's 6013 "run date" then, was February 25, 1993.

The record reflects that at the hearing on the motion to dismiss, Domenic Muraglia, Philadelphia Court of Common Pleas Trial Commissioner, was the primary witness. Mr. Muraglia testified to the following. Arraignment was scheduled for December 21, 1992. On that date, the Commonwealth had not yet prepared the bills of information against appellant, officially charging him in Common Pleas Court. As a result, arraignment was scheduled for one week later, December 28,

---

1. The Rule provides in pertinent part:

   A trial *de novo* in the Court of Common Pleas shall commence within a period of ninety (90) days after the notice of appeal from the Municipal Court is filed. In all other respects the provisions of Rule 1100 shall apply to such trials in the Court of Common Pleas. Pa.R.Crim.P. 6013(g).

1992. On that date, the Commonwealth still had not prepared the bills of information against appellant and so arraignment was continued an additional week to January 4, 1993. The bills were filed by the Commonwealth on December 30, 1992. However, on January 4, 1993, the bills still were unavailable as they were not yet coded.[2] Appellant's arraignment was then scheduled for the following Monday, January 11, 1993.

On January 11 appellant was arraigned and given the earliest available trial date: March 11, 1993. This date clearly is beyond the February 25, 1993 run date.[3] On the day his trial was set to begin, March 11, 1993, appellant decided he wanted a trial by jury. Because of this change, appellant was given a trial date of April 19, 1993. On April 19, 1993, the trial court held a hearing on the motion to dismiss and the motion was denied. After the denial, appellant informed the court that he wished to waive his right to a jury trial. The following day, April 20, 1993, appellant was tried and found guilty by the court.

■ It is clear from the record that the delay between appellant's initial trial date on March 11, 1993 and appellant's trial on April 20, 1993 was due solely to appellant's own requests. The Commonwealth was ready to proceed on the originally scheduled trial date. Appellant's claim of error addresses only the delay between the date he filed his Notice, November 27, 1992, and the first scheduled trial date, March 11, 1993. We will review only that portion of delay to determine whether it was caused by the Commonwealth's lack of due diligence in bringing appellant to trial. In deciding whether appellant's speedy trial claim has merit, we must assess the conduct of both the prosecution and the defense in light of the length of the delay, the reason for the delay, appellant's assertion of the right and the prejudice to the

2. Apparently, after the Commonwealth files the bills, they are then "coded." Mr. Muraglia explained that it takes at least three working days for the coding to take place. The Commonwealth filed the bills on Wednesday and arraignment was scheduled for the following Monday.

3. On February 9, 1993 appellant appeared at a status listing and, because he declined a plea offer made by the Commonwealth, his trial date remained the same.

defendant. *Commonwealth v. Tilley,* 528 Pa. 125, 595 A.2d 575, 580 (1991).

Mr. Muraglia explained why the March 11, 1993 date was given. As we discovered in *Commonwealth v. Nesmith,* 425 Pa.Super. 291, 624 A.2d 1078 (1993), the Philadelphia Office of the Public Defender has an Agreement with the Court Administrator's Office to limit felony waiver cases handled by public defenders to eight (8) cases per courtroom per day.[4] This Agreement, or some form thereof, has been in existence between these two parties since January of 1987. It is a written Agreement, the terms of which were reviewed by the trial judge in this case. The Philadelphia District Attorney is not a party to the Agreement and, apparently, decisions made in furtherance of the Agreement are not usually brought to the attention of, or sanctioned by, the trial judge presiding over a particular case.

Upon questioning by the assistant district attorney, Mr. Muraglia testified that on January 11, 1993, the day appellant was arraigned, he was not able to give appellant a date earlier than March 11, 1993 due to the terms of the Agreement. Mr. Muraglia explained that another defendant on the arraignment list that day, whose case was called six cases after appellant's, received a trial date of February 16, 1993 because she was represented by private counsel and the eight (8) case cap did not apply to her.

In response to questioning by the trial judge, Mr. Muraglia explained that in implementing the terms of the agreement, no distinction is made between cases on appeal from Municipal Court (subject to an expedited run date of 90 days) and those originating in Common Pleas Court (subject to either a 180 day run date for incarcerated defendants or a 365 day run date for those on bail). Therefore, even if a Municipal Court appeal matter is approaching its run date, the terms of the Agreement will be enforced by the Court Administrator. Under cross-examination by appellant's counsel, Mr. Muraglia testified that nothing other than the eight (8) case cap is

---

**4.** Without the Agreement, cases typically do not exceed twelve (12) cases per courtroom per day.

considered when assigning a case the earliest possible trial date, including the availability of police witnesses.

In its brief in support of appellant, the Public Defender's Office acknowledges the Agreement and insists that despite its terms, the Commonwealth still did not establish due diligence in bringing appellant to trial. As noted by the Public Defender's Office and confirmed by Mr. Muraglia, if the Commonwealth had filed the bills of information prior to appellant's original arraignment date on December 21, 1992, a trial date of February 3, 1993 could have been set.

While it is true that the bills were not prepared as of the first arraignment date, or the two that followed, the fact remains that as of the January 11, 1993 arraignment date, appellant could have been tried within the ninety (90) days required by the Rule *if not for* the Agreement between the Public Defender's Office and the Court Administrator. Viewing the record so as to balance the conduct of both the prosecution and the defense, we cannot attribute the delay to the Commonwealth's lack of due diligence.

The Public Defender's Office insists that it should not be deemed unavailable simply because it has entered into an Agreement which ensures that its lawyers are adequately prepared. While we applaud the efforts of the Defender's Office to control an admittedly burdensome caseload, we cannot assign to the Commonwealth responsibility for delays caused by the Agreement, particularly where its caseload is burdensome as well.

The Commonwealth insists that the Public Defender's Office should not be permitted to bring speedy trial claims when its *ex parte* Agreement with the Court Administrator is the cause of the delay. We agree that appeals based on this issue must cease as they waste precious time and resources of both the court and counsel. Therefore, we hold that where a speedy trial violation occurs which otherwise would have been avoided if not for the Agreement, appellant cannot prevail on that

518

issue. We emphasize the necessity that the delay be otherwise avoidable *but for* the Agreement.[5]

Because the delay between the filing of the Notice and appellant's first trial date was not the result of the Commonwealth's lack of due diligence, we find that the trial court properly denied the motion to dismiss. Judgment of sentence affirmed.

5. Here that requirement clearly was met when Mr. Muraglia testified that if the Agreement was not in place, appellant could have been tried prior to the February 25, 1993 run date. This was proven by Mr. Muraglia's assigning an earlier trial date to a privately represented defendant on the same day appellant was assigned his date.