**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Laura MALGIERI, Appellee.**

Superior Court of Pennsylvania.

Submitted March 28, 2005.

Filed Dec. 9, 2005.

Patrick B. Farrone, Assistant District Attorney, Mercer, for Commonwealth, appellant.

Lowell T. Williams, Mercer, for appellee.

Before: TODD, McCAFFERY, and OLSZEWSKI, JJ.

OPINION BY McCAFFERY, J.:

¶ 1 The Commonwealth of Pennsylvania appeals from an order which dismissed theft charges against Appellee, Laura Malgieri, because trial did not commence within 365 days after the filing of the complaint against Appellee. We conclude that the trial court abused its discretion in determining that the Commonwealth did not use due diligence in endeavoring to bring Ap-

pellee to trial within the 365–day period specified in Pa.R.Crim.P. 600. Therefore, we reverse and remand for trial.

■ ¶ 2 The procedural and factual background of this matter, as summarized from the trial court's findings, is as follows.[1] The Commonwealth charged Appellee with theft by unlawful taking in a criminal complaint filed on October 15, 2003. Trial was first listed during the March 2004 term. The Commonwealth continued this matter in March and in each month thereafter until August 2004. The case was not called for trial in either August or September. The Commonwealth scheduled the case for trial commencing on October 18th; however, on October 15th, Appellee filed a motion to dismiss pursuant to Rule 600. The practice in Mercer County is to assign two judges each month to the criminal trial docket. The jury trial term consists of the middle two weeks of each month, except for December. The district attorney's office controls what trials are submitted for listing each trial term. Although the October 2004 trial term formally commenced October 12, 2004, jurors were not called by the court administrator, acting at the directive of the president judge, for the first week of the trial term (October 12th through 15th) because all of the Mercer County judges were scheduled to attend a seminar in Pittsburgh on October 13th and 14th. The Commonwealth was advised in September that jurors would not be summoned for the first week of the October trial term, but that criminal trial judges would be available (without any summoned jurors) on October 12th and 15th. After a hearing held on October 18th regarding Appellee's motion to dismiss, the trial court granted the motion. The Commonwealth appeals from this order and raises the following issue for our review:

WHETHER THE COMMONWEALTH VIOLATED RULE 600 OF THE PENNSYLVANIA RULES OF CRIMINAL PROCEDURE, BY NOT PROCEEDING TO TRIAL WITHIN THREE HUNDRED SIXTY–FIVE (365) DAYS OF THE DATE ON WHICH THE CRIMINAL CHARGES WERE FILED, DESPITE THE FACT THAT THE COMMONWEALTH WAS READY TO PROCEED TO TRIAL ON DAY THREE HUNDRED SIXTY–THREE (363), BUT THE TRIAL COURT WAS NOT AVAILABLE TO BEGIN A JURY TRIAL UNTIL DAY THREE HUNDRED SIXTY–NINE (369).

(Commonwealth's Brief at 4).

■ ¶ 3 Our review of this issue is guided by the following principles:

Our standard of review relating to the application of Rule 600 is whether the trial court abused its discretion. Our scope of review is limited to the evidence on the record of the Rule 600 evidentiary hearing and the findings of the trial court. We must view the facts in the light most favorable to the prevailing party.

\* \* \* \* \* \*

■■ If the trial court determines that the Commonwealth exercised due diligence and that the circumstances which occasioned the postponement(s) were beyond the control of the Commonwealth, it shall deny the motion. If the Commonwealth attempts to bring a defendant to trial beyond the 365 day-period prescribed by Rule 600, and the defendant files a Rule 600 motion to dismiss, the trial court must assess whether there is excludable time and/or excusable delay.

---

1. Findings of Fact and Conclusions of Law, dated October 19, 2004.

*Commonwealth v. Williams,* 876 A.2d 1018, 1020 (Pa.Super.2005) (citations omitted). As a general rule, the Commonwealth is required to bring a defendant on bail to trial within 365 days of the date the complaint is filed. Pa.R.Crim.P. 600(A)(3); *Commonwealth v. Hyland,* 875 A.2d 1175, 1189 (Pa.Super.2005).

 ¶ 4 We have recently had occasion to expand upon our explanation of the legal precepts applicable to an analysis of speedy trial rights protected by Rule 600 as follows:

If the Commonwealth attempts to bring a defendant to trial beyond the 365 day-period prescribed by Rule 600, and the defendant files a Rule 600 motion to dismiss, the court must assess whether there is excludable time and/or excusable delay. [ . . . ] Pa. R.Crim. P. 600(C), (G). Even where a violation of Rule 600 has occurred, we recognize:

The motion to dismiss the charges should be denied if the Commonwealth exercised due diligence and . . . the circumstances occasioning the postponement were beyond the control of the Commonwealth. Due diligence is a fact-specific concept that must be determined on a case-by-case basis. Due diligence does not require perfect vigilance and punctilious care, but rather a showing by the Commonwealth that a **reasonable** effort has been put forth.

Reasonable effort includes such actions as the Commonwealth listing the case for trial prior to the run date to ensure that [the] defendant was brought to trial within the time prescribed by Rule 600. *Commonwealth v. Aaron,* 804 A.2d 39, 43–44 (Pa.Su-

per.2002). *See also [Commonwealth v.] Hill,* [558 Pa. 238, 264, 736 A.2d 578, 592 (1999)] (finding Commonwealth exercised due diligence when it initially scheduled trial well within time requirements of Rule 600 but trial was delayed by actions of defendant beyond Commonwealth's control). Further, this Court has held the Commonwealth exercised reasonable effort when within the run date the Commonwealth was ready to commence trial and was prevented from doing so by an administrative error which resulted in a trial date three days beyond the run date. *Commonwealth v. Wroten,* [305 Pa.Super. 340, 451 A.2d 678, 680–81 (Pa.Super.1982)] (holding inadvertent administrative error is not enough to defeat due diligence). *See also [Commonwealth v. Corbin,* 390 Pa.Super. 243, 568 A.2d 635 (1990)] (holding inadvertent listing beyond run date due to overburdened docket, meager staff, and administrative breakdown at detention center, excused Commonwealth with respect to unavailability of its witness).

*Commonwealth v. Brown,* 875 A.2d 1128, 1138 (Pa.Super.2005) (quoting *Commonwealth v. Hunt,* 858 A.2d 1234, 1241–42 (Pa.Super.2004) (*en banc* )). It is long-established that judicial delay may serve as a basis for extending the period of time within which the Commonwealth may commence trial where "the Commonwealth is prepared to commence trial prior to the expiration of the mandatory period but the court[,] because of scheduling difficulties or the like[,] is unavailable." *Commonwealth v. Shelton,* 469 Pa. 8, 18, 364 A.2d 694, 699 (1976).[2] A trial court is not auto-

---

**2.** We note that subsequent to the decision in *Shelton, supra,* the requirement that the Commonwealth petition for an extension of time for commencement of trial was deleted from

the speedy trial rule in 1987. *See Commonwealth v. Hill,* 558 Pa. 238, 264, n. 10, 736 A.2d 578, 592, n. 10; *Gaines, supra* at 143. Therefore, the holding in *Shelton,* finding that

matically required to rearrange its docket to accommodate Rule 600 run dates so as to avoid a delay of thirty (30) days or less. *Commonwealth v. Gaines,* 407 Pa.Super. 94, 595 A.2d 141, 143 (1991) (citing *Commonwealth v. Crowley,* 502 Pa. 393, 403, 466 A.2d 1009, 1014 (1983) and holding that an eight-day delay was not sufficiently lengthy so as to require the trial court to rearrange its docket).

¶ 5 In the case *sub judice,* there is no dispute that no period of delay is attributable to the defense, and, therefore, no period of time is excludable from the mechanical run date of October 15, 2004. Our focus, thus, is whether the trial court abused its discretion in determining that the Commonwealth did not use due diligence in bringing Appellee to trial before October 18, 2004. We conclude that the trial court did abuse its discretion in light of the unavailability of jurors for trial during the week of October 12th.

¶ 6 The Commonwealth was hampered in its ability to try Appellee within the allotted 365 days because the final week within that time period was not available due to judicial scheduling issues. The president judge of the court had determined not to summon a pool of jurors so that the Mercer County judges could attend a seminar in Pittsburgh. The Commonwealth may not be charged with failure to exercise due diligence during a week in which the court, more specifically, jurors, were not available. Although it is certainly true that the Commonwealth had the entire time prior to the final week in the 365 day period within which to bring Appellee to trial, it is equally true that the Commonwealth should not have been deprived of its right to utilize that last week. The Commonwealth should not be penalized for an administrative decision rendered by the local judiciary, over which it had absolutely no control.

¶ 7 For the above-stated reasons, we conclude that the trial court abused its discretion in granting Appellee's motion to dismiss. Accordingly, we are constrained to reverse the order of the trial court and to remand for further proceedings.

¶ 8 Order reversed. Case remanded. Jurisdiction relinquished.

---

an untimely filed Commonwealth motion for extension of time precluded appellate review of whether the delay in question could serve as a basis for an extension due to judicial delay, does not control the outcome of the matter *sub judice.*