J-S41010-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| BRANDON CEPHAS | : | |
| | : | |
| Appellant | : | No. 2060 EDA 2017 |

Appeal from the Judgment of Sentence June 12, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0007274-2015

BEFORE:   GANTMAN, P.J., OLSON, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:               **FILED SEPTEMBER 05, 2018**

Appellant, Brandon Cephas, appeals from the judgment of sentence entered in the Court of Common Pleas of Philadelphia County after a jury convicted him of Possession of a Controlled Substance with the Intent to Deliver ("PWID"), 35 P.S. 780-113(a)(30).  Sentenced to one to three years' incarceration, to be followed by a period of probation, he asserts that the trial court abused its discretion in denying his motion to dismiss pursuant to Pa.R.Crim.P. 600.  We affirm.

On July 2, 2015, the Commonwealth filed a written complaint charging Appellant with narcotics-related offenses.  On November 12, 2015, at a trial-scheduling hearing, the Commonwealth requested a trial before a jury, and the Honorable Carolyn H. Nichols scheduled trial for September 28, 2016.

_____

\*  Former Justice specially assigned to the Superior Court.

On the scheduled date for trial, both the Commonwealth and Appellant were ready to proceed, but the trial court granted Appellant's co-defendant's request for a continuance and rescheduled trial for April 12, 2017.

Appellant filed a motion to dismiss pursuant to Pa.R.Crim.P. 600 on November 2, 2016. On January 12, 2017, the trial court dismissed Appellant's motion after conducting a hearing on the matter, ruling that court backlog caused the delay in trial. As noted above, Appellant was eventually tried and convicted on one count of PWID. This timely appeal followed.

Appellant presents the following question for our review:

**DID THE LOWER COURT COMMIT AN ABUSE OF DISCRETION BY DENYING APPELLANT'S RULE 600 MOTION?**

Appellant's brief, at 4.

We review Appellant's Rule 600 claim according to the following principles:

> In evaluating Rule [600] issues, our standard of review of a trial court's decision is whether the trial court abused its discretion. Judicial discretion requires action in conformity with law, upon facts and circumstances judicially before the court, after hearing and due consideration. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused.
>
> The proper scope of review is limited to the evidence on the record of the Rule [600] evidentiary hearing, and the findings of the [trial] court. An appellate court must view the facts in the light most favorable to the prevailing party.

Additionally, when considering the trial court's ruling, this Court is not permitted to ignore the dual purpose behind Rule [600]. Rule [600] serves two equally important functions: (1) the protection of the accused's speedy trial rights, and (2) the protection of society. In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it. However, the administrative mandate of Rule [600] was not designed to insulate the criminally accused from good faith prosecution delayed through no fault of the Commonwealth.

**So long as there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused, Rule [600] must be construed in a manner consistent with society's right to punish and deter crime.** In considering [these] matters ..., courts must carefully factor into the ultimate equation not only the prerogatives of the individual accused, but the collective right of the community to vigorous law enforcement as well.

*Commonwealth v. Bethea*, 185 A.3d 364, 370 (Pa.Super. 2018) (quoting

*Commonwealth v. Wendel*, 165 A.3d 952, 955–56 (Pa. Super. 2017)) (case

citation omitted) (emphases added).

In pertinent part, Rule 600 provides:

**(A) Commencement of Trial; Time for Trial**

(1) For the purpose of this rule, trial shall be deemed to commence on the date the trial judge calls the case to trial, or the defendant tenders a plea of guilty or *nolo contendere*.

(2) Trial shall commence within the following time periods.

> (a) Trial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed.

Pa.R.Crim.P. 600.

> To summarize, the courts of this Commonwealth employ three steps ... in determining whether Rule 600 requires dismissal of charges against a defendant. First, Rule 600(A) provides the **mechanical run date**. Second, we determine whether any excludable time exists pursuant to Rule 600(C). We add the amount of excludable time, if any, to the mechanical run date to arrive at an **adjusted run date**.
>
> * * *
>
> Rule 600[ ] encompasses a wide variety of circumstances under which a period of delay was outside the control of the Commonwealth and not the result of the Commonwealth's lack of diligence. **Any such period of delay results in an extension of the run date.** Addition of any Rule 600[ ] extensions to the adjusted run date produces the **final Rule 600 run date**. If the Commonwealth does not bring the defendant to trial on or before the final run date, the trial court must dismiss the charges.

*Wendel*, *supra* at 956 (citation omitted) (emphases added).

> It is long-established that judicial delay may serve as a basis for extending the period of time within which the Commonwealth may commence trial where the Commonwealth is prepared to commence trial prior to the expiration of the mandatory period but the court[,] because of scheduling difficulties or the like[,] is unavailable.

*Commonwealth v. Malgieri*, 889 A.2d 604, 607–08 (Pa. Super. 2005) (citation and internal quotation marks omitted); *see also Commonwealth v. Wroten*, 305 Pa.Super. 340, 451 A.2d 678, 681 (1982) ("A judicial delay is a justifiable basis for an extension of time if the Commonwealth is ready to proceed.") (citation omitted).

*Bethea*, 185 A.3d 364, 370–71 (Pa.Super. 2018).

Here, the criminal complaint was filed on July 2, 2015. Therefore, the Rule 600 mechanical run date was July 2, 2016. Trial did not commence by that date, however, and Appellant filed his Rule 600 motion to dismiss on November 2, 2016.

At the Rule 600 hearing, Appellant argued that the 321-day delay occurring between the November 12, 2015, status hearing, where the Commonwealth requested a jury trial, and the September 28, 2016, trial date set by the court was attributable to the Commonwealth because the Commonwealth failed to ask for an earlier trial date and never indicated its readiness for trial prior to the mechanical run date. The trial court, however, identified the court's congested docket as the sole cause of the 321-day delay pushing the trial date beyond the mechanical run date, rather than the Commonwealth's lack of due diligence.

The record confirms that the delay was attributable to the schedule limitations of the trial court. In such cases, judicial delay is excludable and not chargeable to the Commonwealth. *See Bethea*, 185 A.3d at 372.

Finally, we briefly discuss *Commonwealth v. Mills*, 162 A.3d 323, 325 (Pa. 2017), upon which Appellant relies. In *Mills*, the Court addressed whether the ordinary passage of 174 days from the filing of the complaint to the trial-scheduling conference should be considered excludable delay, since it was not attributable to the Commonwealth's lack of due diligence. *Id.* at 324 (citing Rule 600(C)(1) (Periods of delay at any stage caused by the Commonwealth shall be counted in the 365-day tally. Any other periods of

delay shall be excluded from the computation) and Rule 600(D)(1) (Failure to meet the rule's prompt-trial requirement constitutes grounds for dismissal. 600(D)(1)). The outcome of defendant Mills' Rule 600 dismissal motion turned on the question, as the 174 days, if deemed includable time, would combine with other time attributable to the Commonwealth to bring the calculation over 365 days.

Differentiating between "time necessary to ordinary trial preparation and judicial delay arising out of the court's own scheduling concerns[,]" *id*. at 325, the Court rejected the notion that the former, which it fairly characterized as "time during which no one is prepared for trial—or even possibly could be ready[,]" is "delay" under either the letter or spirit of Rule 600:

> where a trial-ready prosecutor must wait several months due to a court calendar, the time should be treated as "delay" for which the Commonwealth is not accountable. Here, however, the Commonwealth does not argue that it was prepared for trial during the 174 days in issue.

*Id.*

Therefore, the Court held the 174 days from the date of the complaint's filing to the date of the trial-scheduling hearing was not "delay" but, rather, time attributable to the normal progression of the case and, therefore, includable time in the Rule 600 calculation. As such time combined with other Commonwealth-attributable time to put the trial date beyond 365 days, the Court concluded the trial court had properly granted defendant Mills' Rule 600 dismissal motion.

Following the reasoning of **Mills**, we include the 130 days running from the filing of Appellant's complaint to the date of his trial-scheduling hearing, as such normal progression of time did not represent "delay" for the reasons explained by our Supreme Court. Nevertheless, because no other time was attributable to the Commonwealth, Rule 600 dismissal does not apply in the present case as it did in **Mills**. Here, the court's congested docket, alone, caused the 321-day delay resulting in the setting of a trial date beyond 365 days. On the trial date, moreover, the Commonwealth stood ready, but Appellant's co-defendant filed a motion to continue trial, which the court granted. Accordingly, even when assessed in light of **Mills**, Appellant's Rule 600 motion was properly denied.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/5/18