J-S43001-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
:           PENNSYLVANIA
:
v.              :
:
:
ALBERT FRASCHETTI        :
:
Appellant    :   No. 1950 MDA 2018

Appeal from the Judgment of Sentence Entered June 22, 2018
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0007677-2016

BEFORE:   GANTMAN, P.J.E., DUBOW, J., and STEVENS, P.J.E.[*]

DISSENTING MEMORANDUM BY STEVENS, P.J.E.:

**FILED:FEBRUARY 7, 2020**

The Majority concludes Appellant's right to a speedy trial was violated under Pennsylvania Rule of Criminal Procedure 600, and thus, vacates Appellant's conviction and judgment of sentence. While Appellant's trial commenced beyond November 7, 2017, which was the undisputed mechanical run date for Rule 600 purposes,[1] when the appropriate periods of excludable and excusable time are considered, Appellant was brought to trial within the mandates of Rule 600. Accordingly, as the Commonwealth did not violate Pa.R.Crim.P. 600, I respectfully dissent.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] **See** Pa.R.Crim.P. 600(A)(1), (2)(a).

Pertaining to the computation of time, the legal precepts pertaining to Rule 600 are well-established.

[T]he courts of this Commonwealth employ three steps…in determining whether Rule 600 requires dismissal of charges against a defendant. First, Rule 600(A) provides the mechanical run date. Second, we determine whether any excludable time exists pursuant to Rule 600(C). We add the amount of excludable time, if any, to the mechanical run date to arrive at an adjusted run date.

If the trial takes place after the adjusted run date, we apply the due diligence analysis set forth in Rule 600([D]). As we have explained, Rule 600…encompasses a wide variety of circumstances under which a period of delay was outside the control of the Commonwealth and not the result of the Commonwealth's lack of diligence. Any such period of delay results in an extension of the run date. Addition of any Rule 600 extensions to the adjusted run date produces the final Rule 600 run date. If the Commonwealth does not bring the defendant to trial on or before the final run date, the trial court must dismiss the charges.

Due diligence is a fact-specific concept that must be determined on a case-by-case basis. Due diligence does not require perfect vigilance and punctilious care, but rather a showing by the Commonwealth that a reasonable effort has been put forth.

*Commonwealth v. Holt*, 175 A.3d 1014, 1019 (Pa.Super. 2017) (citation omitted).

Further:

[W]hen considering the trial court's ruling [under Rule 600], this Court is not permitted to ignore the dual purpose behind Rule [600]. Rule [600] serves two equally important functions: (1) the protection of the accused's speedy trial rights, and (2) the protection of society. In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it. However, the administrative mandate of Rule [600] was not

designed to insulate the criminally accused from good faith prosecution delayed through no fault of the Commonwealth.

So long as there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused, Rule [600] must be construed in a manner consistent with society's right to punish and deter crime. In considering [these] matters…, courts must carefully factor into the ultimate equation not only the prerogatives of the individual accused, but the collective right of the community to vigorous law enforcement as well.

***Commonwealth v. Bethea***, 185 A.3d 364, 370 (Pa.Super. 2018) (quotation omitted). ***See Commonwealth v. Carter***, 204 A.3d 945, 947-48 (Pa.Super. 2019) (holding delay occurring as the result of circumstances beyond the Commonwealth's control and despite its due diligence is excusable and extends the run date).

Initially, contrary to the Majority, I agree with the trial court that the entire period from February 6, 2017, through May 8, 2017, is excludable time. The record reflects that, during the February 6, 2017, pre-trial conference, defense counsel requested a continuance due to difficulties with contacting Appellant's character witnesses. N.T., 2/6/18, at 3. Appellant indicated he was not prepared to go to trial and specifically requested the case be listed for the May 2017 term. *Id.* at 2-3. Noting the request was attributed to the defense, the trial court indicated "we schedule this case for trial during the May 2017 term of Criminal Court beginning May 8, 2017[.]" *Id.* at 3. *See* Pa.R.Crim.P. 600 (C)(3) (pertaining to the trial court recording the identity of

the party requesting a continuance, the reason, and to whom the period of delay is attributed for Rule 600 purposes).

Thereafter, at the Rule 600 hearing, the trial ruled that, since the case was re-listed due to defense counsel's request, the ninety-one days from February 6, 2017, through May 8, 2017 (the first day of the May 2017 term) is excludable time. N.T., 3/19/18, at 7 (trial court indicating that the "time does go against [the defense] from the date that [the defense] requested that the case be listed for a trial term other than the next available trial term. The time runs against the Defendant from the pre-trial conference to the first day of the trial term that the Defendant requested."). There is no error in the trial court's analysis, and therefore, I find this entire time period to be excludable. *See Commonwealth v. Hunt*, 858 A.2d 1234, 1241 (Pa.Super. 2004) (*en banc*) (holding court must exclude the time attributed to a defense continuance for purposes of Rule 600).[2]

Thereafter, as the Majority admits, the Commonwealth listed Appellant's case for trial and kept an adequate record thereof. Specifically, Appellant's case was listed by the Commonwealth on the 2017 lists for July, September, and November, as well as the 2018 lists for January and March.[3] However, due to the volume of court cases, as well as limited courtroom availability,

---

[2] In consideration of the ninety-one days associated with the defense continuance, the adjusted run date became February 6, 2018.

[3] It appears York County holds criminal cases every other month.

Appellant's trial was not scheduled by court administration until March 19, 2018.

"It is long-established that judicial delay may serve as a basis for extending the period of time within which the Commonwealth may commence trial where the Commonwealth is prepared to commence trial prior to the expiration of the mandatory period but the court[,] because of scheduling difficulties or the like[,] is unavailable." **Commonwealth v. Malgieri**, 889 A.2d 604, 607-08 (Pa.Super. 2005) (citation omitted). That is precisely what occurred in this case.

As indicated *supra*, "[d]ue diligence does not require perfect vigilance and punctilious care, but rather a showing by the Commonwealth that a reasonable effort has been put forth." **Holt**, 175 A.3d at 1019. There is no evidence of misconduct on the part of the Commonwealth in an effort to evade the speedy trial rights of Appellant. Simply put, Appellant should not be "insulated" from good faith prosecution because of court congestion and limited courtroom availability. As such, as the trial court determined, the Commonwealth met its burden of proving it acted with due diligence in bringing Appellant to trial, and consequently, I would find Appellant's Rule 600 issue to be meritless. Thus, I respectfully dissent.