369 A.2d 875

COMMONWEALTH of Pennsylvania

v.

Thomas FOSTER, Appellant.

Superior Court of Pennsylvania.

Submitted Dec. 30, 1975.

Decided Feb. 18, 1977.

John W. Packel, Assistant Public Defender, Philadelphia, for appellant.

Steven H. Goldblatt, Assistant District Attorney, and F. Emmett Fitzpatrick, District Attorney, Philadelphia, for appellee.

Before WATKINS, P. J., and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PER CURIAM:

Appellant claims that he should have been discharged under Pa.R.Crim.P. 1100(f). We have at least preliminarily concluded that this claim succeeds or fails depending on the filing date of the complaint.

At a hearing on appellant's Rule 1100 Motion to Dismiss, on February 10, 1975, the hearing judge found that the complaint was filed on June 1, 1974, making this a 270-day case. After rehearing on March 6, 1975, however, the hearing judge found that the complaint was filed on July 14, 1974, making this a 180-day case. The judge based his new finding on an analysis of the dates and signatures of the issuing authority on the complaint/warrant form. At least, that is what we are

told by appellant's brief. However, we cannot assess the factual basis of this assertion, for we have neither the transcript of the testimony of the March 6 hearing, from which appellant quotes in his brief, nor an opinion from the hearing judge, nor a brief from the Commonwealth.

From the record that we do have there appears to be considerable doubt about when the complainant detective's statements were attested to by the issuing authority. (The complaint is signed by "Harry Melton, whose office is that of Judge." So also is the arrest warrant which is dated June 1. The attestation block on the complaint/warrant form is signed illegibly and dated July 14.) In view of this doubt, we require the guidance of the hearing judge's findings of fact and the testimony on which they are based.

In addition, since when the case returns to us, appellant's Rule 1100 claim may not succeed, we will need a transcript of the voir dire and the testimony at appellant's trial on April 1–4, 1975.

The case is remanded in order that the record may be completed in accordance with this opinion.