506 A.2d 885

COMMONWEALTH of Pennsylvania, Appellant,

v.

John JACKSON, Appellee.

COMMONWEALTH of Pennsylvania, Appellant,

v.

Sam DONALDSON, Appellee.

COMMONWEALTH of Pennsylvania, Appellant,

v.

Kevin CADEN, Appellee.

Supreme Court of Pennsylvania.

Submitted Dec. 2, 1985.

Decided March 25, 1986.

Eric B. Henson, Deputy Dist. Atty., Gaele McLaughlin Barthold, Chief/Prosecution Appeals, Marianna C. Sorensen, Asst. Dist. Atty., for appellant.

Stanley E. Gever, Philadelphia, for Kevin Caden.

John W. Packel, Chief/Appeals Div., Philadelphia, for John Jackson and Sam Donaldson.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## ORDER

PER CURIAM.

The Orders of the Superior Court are affirmed.

McDERMOTT, J., filed a dissenting opinion in which LARSEN and PAPADAKOS, JJ., joined.

McDERMOTT, Justice, dissenting.

The common thread in these cases is the Superior Court's willingness to decide that the Commonwealth failed to meet its burden of proving an alleged waiver of the defendants' Rule 1100 "speedy trial" rights, based upon the absence of the relevant transcript from the record transmitted from the lower court.

In each case the defendant was convicted of a crime and sentenced after denial of post-trial motions asserting, *inter alia*, a violation of his Rule 1100 rights. In each case the Superior Court reversed the judgment of sentence and discharged the defendant based upon a perceived violation of the defendant's Rule 1100 rights, despite allegations by the Commonwealth that the defendant had waived his Rule 1100 rights by silently acquiescing to a trial date beyond the Rule 1100 "run date" announced in open court in the presence of the defendant and his attorney by the presiding judge. *See Commonwealth v. Brown*, 497 Pa. 7, 438 A.2d 592 (1981).[1] In all three cases the Superior Court rejected

1. In *Commonwealth v. Brown*, 497 Pa. 7, 438 A.2d 592 (1981), the defendant and his attorney sat in open court in a suppression hearing and listened to the judge announce a trial date beyond the last day for

the Commonwealth's allegations of waiver by concluding that the record lacked evidence to support the Commonwealth's burden of proving a waiver. In each case this conclusion was based upon a record, transmitted from the lower court, which lacked the transcript of the relevant pre-trial proceeding at which the *Brown* type of Rule 1100 waiver allegedly occurred.

Allocatur was granted to review the Superior Court's practice of deciding that a burden of proof is not met because the record transmitted to it by the lower court lacks the sole transcript relevant to the issue. I regret that the majority of this Court has chosen not to scrutinize this injudicious practice.

It is within the power of an appellate court of this Commonwealth to remand a case, on its own initiative, with directions that omissions from the record be corrected and a supplemental record be certified and transmitted. Pa.R.A. P.1926.[2] In none of these cases does the Superior Court give any indication that it attempted to ascertain whether the relevant transcript could be made available to supple-

trial under Rule 1100, yet said nothing. This Court held that this silence constituted a waiver of Rule 1100 until the announced trial date. The waiver was held to be informed and voluntary since defendant had already expressly and validly waived his rights under Rule 1100 for a period of time at a prior date, and it was beyond question that when the new trial date was set the defendant already understood the nature and scope of his Rule 1100 rights, as well as the consequences of waiving those rights. A defendant has no right to mislead the court and the Commonwealth as to the suitability of a particular trial date once that date has been set. *Id.*, 497 Pa. at 11–12, 438 A.2d at 594.

The record in each of these cases is sufficient to indicate that at a pre-trial proceeding before the Rule 1100 "run date," a date was set for trial which was beyond the Rule 1100 run date in effect at that time. Since transcripts of these proceedings are not a part of the record, it cannot be determined on the record before us whether the defendant agreed to, or acquiesced in, the newly set trial date.

**2.** *See also: Commonwealth v. Scott,* 276 Pa.Super. 478, 419 A.2d 558 (1980), later app. 279 Pa.Super. 441, 421 A.2d 281 (1980); *Commonwealth v. Foster,* 246 Pa.Super. 188, 369 A.2d 875 (1977).

ment the record. I agree with the Superior Court's assertions that it is not appropriate to remand a case in order that an evidentiary hearing be conducted to take evidence relative to whether a *Brown*-type waiver occurred. I am, however, greatly disturbed that the Superior Court will simply discharge persons convicted of serious felonies instead of making the effort to obtain the complete record in order to determine if, in fact, the defendant's Rule 1100 rights were violated. Since I do not condone this practice, I dissent from the majority's summary disposition of these cases.[3]

Accordingly, I would remand these cases to the court of common pleas with directions that omissions from the record be corrected and a supplemental record, if available, be certified and transmitted.

LARSEN and PAPADAKOS, JJ., join in this dissenting opinion.

**3.** My disagreement with the majority's summary disposition of these cases in no way involves consideration of the ultimate merits of the Commonwealth's claim that a *Brown*-type waiver of defendant's Rule 1100 rights occurred. The incomplete records evidence scenarios in which a waiver could have occurred, but until the relevant transcripts are made a part of the appellate record or it is determined that transcripts of the relevant proceeding cannot be made available to supplement the record, there is no legitimate basis upon which to decide the merits of the issue.