COMMONWEALTH of Pennsylvania

v.

Paul S. IRBY, Appellant.

Superior Court of Pennsylvania.

Submitted July 7, 1997.

Filed Aug. 8, 1997.

Carmen C. Marinelli, Allentown, for appellant.

Robert L. Steinberg, Dist. Attorney, Allentown, for Commonwealth, appellee.

Before TAMILIA, JOHNSON and HOFFMAN, JJ.

TAMILIA, Judge:

Paul Irby appeals from the judgment of sentence of one and one-half (1–1/2) to five (5) years' imprisonment entered on October 22, 1996, after a jury convicted him of delivery of a noncontrolled substance represented to be a controlled substance.[1] According to the trial court, the facts of the case are as follows.

Officer Louis A. Tallarico testified that on February 16, 1996, he encountered Defendant while working in an undercover capacity. At approximately 7 P.M. on that date, Officer Tallarico and Detective Michael Sorrentino were patrolling in an unmarked car in center city Allentown. As Officer Tallarico drove by Defendant, Defendant motioned to the car. Officer Tallarico then drove around the corner and Defendant approached the car.

Thereafter, Officer Tallarico asked the Defendant if he had any "rock," referring to crack cocaine. Defendant asked Officer Tallarico how much he wanted and Officer Tallarico responded "$20 worth." Defendant subsequent reached into his pockets and pulled out several clear small packets

1. 35 P.S. § 780–113(a)(35)(ii).

and handed one (1) to Officer Tallarico. Officer Tallarico noted that the package contained a substance that resembled crack cocaine. Upon .closer inspection, however, Officer Tallarico noticed that the substance was softer than crack cocaine. Officer Tallarico then handed the package back to Defendant and told him that he did not want to "buy any wax." Defendant then attempted to give Officer Tallarico a different package, however, Officer Tallarico again returned the package upon discovering that it was not authentic.

(Slip Op., Brenner, J., 2/2/97, pp. 3–4.)

■ Initially, appellant makes several assertions regarding ineffectiveness of counsel. He alleges counsel was ineffective for:

a. failing to file a motion to suppress alleged statements

b. failing to object to alleged statements made by Mr. Irby at time of trial

c. failing to object to venire jury

(Appellant's brief, p. 5.) However, appellant neither cites supportive precedent nor gives any reference to the record to either expound upon or substantiate his argument. He simply makes blanket assertions but does not proceed to argue those assertions. He then requests a hearing at the trial level to determine the merit of the allegations. Pennsylvania Rule of Appellate Procedure 2119 contains mandatory provisions regarding the contents of briefs. Rule 2119(a) requires the argument to be followed by discussion and pertinent citation of authorities. Additionally, this Court has held that arguments which are not sufficiently developed are waived. *Bunt v. Pension Mortgage. Associates, Inc.*, 446 Pa.Super. 359, 666 A.2d 1091 (1995), quoting *Nimick v. Shuty*, 440 Pa.Super. 87, 655 A.2d 132 (1995). Although appellant did set forth the test for judging an ineffectiveness of counsel claim, he developed absolutely no arguments. He makes no mention of what exactly the "alleged statements" to which he refers are. We will not require a hearing at the trial level and waste judicial resources when appellant has provided nothing more than bald assertions which, from *the* scantiness of appellant's brief, appear to have no substance. We therefore find appellant's ineffectiveness of counsel claims to be

waived. See *Commonwealth v. Jones*, 418 Pa.Super. 93, 613 A.2d 587 (1992) (points not carried forward or indecipherably vague in appellant brief are waived); *Commonwealth v. Miller*, 390 Pa.Super. 129, 568 A.2d 228 (1990), alloc. denied, 525 Pa. 644, 581 A.2d 570 (1990).

■ Appellant also claims the trial court erred in denying defense counsel's request for judgment of acquittal. "A claim that the evidence presented at trial was contrary and unable to support the verdict requires the grant of a new trial only when the verdict is so contrary to the evidence as to shock one's sense of justice." *Commonwealth v. Kunkle*, 424 Pa.Super. 499, 504, 623 A.2d 336, 339 (1993), appeal denied, 536 Pa. 621, 637 A.2d 281 (1993). Specifically, he claims the evidence was insufficient to support a guilty verdict because the statute under which he was convicted, 35 P.S. § 780–113(a)(35)(ii), **Prohibited acts; penalties,** forbids distribution of controlled drugs only and not look alike substances which are at issue in this case. That section provides in pertinent part:

### § 780–113. Prohibited acts; penalties

(a) The following acts and the causing thereof within the Commonwealth are hereby prohibited:

. . .

(ii) Except as otherwise provided by law, no person shall knowingly distribute or sell a noncontrolled substance upon the express or implied representation that the substance is a controlled substance. In determining whether there has been a violation of this subclause, the following factors shall be considered:

(A) Whether the noncontrolled substance in its overall finished dosage appearance is substantially similar in size, shape, color and markings or lack thereof to a specific controlled substance.

. . .

(C) Whether the noncontrolled substance is packaged in a manner ordinarily

used for the illegal delivery of a controlled substance.

*Id.,* § 780–113(a)(35)(ii)(A)(C).

The test for determining the sufficiency of the evidence is whether, viewing the evidence in the light most favorable to the Commonwealth as verdict winner and drawing all proper inferences favorable to the Commonwealth, the factfinder could reasonably have determined all elements of the crime to have been established beyond a reasonable doubt.

*Commonwealth v. Stevens,* 543 Pa. 204, 207–09, 670 A.2d 623, 625 (1996). The terms of the statute clearly prohibit the knowing distribution, or sale of a noncontrolled substance, on the representation that it is a controlled substance. Appellant would have us believe that because 35 P.S. § 780–102, **Definitions,** states " '[d]istribute' means to deliver other than by administering or dispensing a *controlled* substance, other drug, device or cosmetic" (*id.;* emphasis added), he cannot be prosecuted under the statute as he distributed a "look-alike" drug or noncontrolled substance. Appellant's claim is without merit. The definition for "distribute" must be read in pari materia with section 780–113(a)(35)(ii), which clearly applies to noncontrolled substances.

According to section 1921, **Legislative intent controls,** of the Statutory Construction Act,[2] "[t]he object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly...." *Id.* at (a). Furthermore, section 1922(1) and (2) of the Act allows, among others, the presumptions "[t]hat the General Assembly does not intend a result that is impossible of execution or unreasonable" and "[t]hat the General Assembly intends the entire statute to be effective and certain." The language of 35 P.S. § 780–113 unequivocally expresses the intention of the General Assembly in enacting this section of the statute. They intended to forbid the sale or distribution of a noncontrolled substance on the representation that it was a controlled substance, as appellant has done. Allowing the definition of "distribute" provided by the statute to control in this case, which accord-

ing to the **Definitions** section applies only to controlled substances, would render section 780–113(35)(a)(ii) meaningless and impossible of execution regarding distribution of non-controlled substances and, as stated earlier, we may presume this was not the legislative intent.

█ Appellant also makes a vague allegation that he could not be convicted of "selling" the substance because the proposed recipient recognized the purported crack cocaine was not in fact crack and, therefore, returned the merchandise without a sale having occurred. Again turning to the Statutory Construction Act and the intent of the General Assembly, it is readily apparent appellant cannot escape the consequences of his actions simply because on this occasion he chose a knowledgeable consumer upon whom to perpetrate the fraud.

For the foregoing reasons, we find the evidence was sufficient to sustain the guilty verdict.

Judgment of sentence affirmed.