J-S41002-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| WILLIAM ASH | : | |
| Appellant | : | No. 54 MDA 2017 |

Appeal from the Judgment of Sentence December 19, 2016
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s): CP-38-CR-0001794-2014

BEFORE:   GANTMAN, P.J., LAZARUS, J., and PLATT*, J.

DISSENTING MEMORANDUM BY LAZARUS, J.: **FILED NOVEMBER 14, 2017**

I respectfully dissent.  I would remand this case, order the filing of a supplemental certified record pursuant to Pa.R.A.P. 1926 (Correction or Modification of the Record) and retain panel jurisdiction.

"It is within the power of an appellate court of this Commonwealth to remand a case, on its own initiative, with directions that omissions from the record be corrected and a supplemental record be certified and transmitted." **Commonwealth v. Jackson**, 506 A.2d 885, 887 (Pa. 1986) (citing Pa.R.A.P.1926); **see Commonwealth v. Doranzo**, 455 A.2d 708, 709–10 (Pa. Super. 1983) (remanding to trial court for new hearing and creation of "proper record" where original record was "carelessly developed" such that it supported neither the defendant nor Commonwealth's version of events). Furthermore, in relevant part, Pa.R.A.P.1926 provides as follows:

_____
* Retired Senior Judge assigned to the Superior Court.

**Rule 1926. Correction or Modification of the Record.**

(a)     If any difference arises as to whether the record truly discloses what occurred in the lower court, the difference shall be submitted to and settled by that court after notice to the parties and opportunity for objection, and the record made to conform to the truth.

(b)     If anything material to a party is omitted from the record by error, breakdown in processes of the court, or accident or is misstated therein, the omission or misstatement may be corrected by the following means:

>    *(1) by the trial court or the appellate court upon application or its own initiative at any time*; . . .

Pa.R.A.P. 1926 (emphasis added).

It is clear that there are some irregularities in the record. As the majority notes, the parties dispute whether the guilty plea was open or negotiated, and this Court has been unable to obtain the transcript of the guilty plea hearing. **See** Majority Memorandum, at 1 n.1, 2. Moreover, the record does not contain a transcript of the December 4, 2015 sentencing hearing, which is critical to determining the issues[.]" **Id.** at 7. Rule 1926 is appropriate here as there is a question of whether what transpired in the trial court is adequately reflected in the certified record before us.[1]

---

[1] I recognize that the Majority attempted to locate "the missing transcripts [and t]he trial court informed [this Court] that it had not transcribed them because Appellant had not requested that it do so." Majority Memorandum, **supra** at 8 n.8. However, I am not satisfied that this omission is the result of ineffectiveness *per se* for failure to comply with Pa.R.A.P. 1911(a), and not the result of a breakdown in the judicial process. Either circumstance, I

This retail theft case is already over three years old. By finding waiver for failure to request transcription, we invite collateral relief and frustrate the interests of justice and judicial economy. Accordingly, I would remand this case to the court of common pleas with directions that omissions from the record be corrected and a supplemental record, if available, be certified and transmitted.

---

believe, is more efficiently addressed by remand. *See Commonwealth v. Williams*, 715 A.2d 1101, 1106 (Pa. 1998) (an appellant should not be denied appellate review if failure to transmit entire record was caused by "extraordinary breakdown in the judicial process."); *Commonwealth v. Preston*, 904 A.2d 1, 6–8 (Pa. Super .2006) (en banc). *See also* 42 Pa.C.S. § 706 (appellate courts have the right under Judicial Code to "affirm, modify, vacate, set aside or reverse any order brought before it for review, and may remand the matter and direct the entry of such appropriate order, or require such further proceedings to be had as may be just under the circumstances.").