J-S66041-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| BRIAN KEITH ONESKO, | |
| Appellant | No. 675 WDA 2017 |

Appeal from the Judgment of Sentence May 1, 2017
in the Court of Common Pleas of Fayette County
Criminal Division at No.: CP-26-CR-0002304-2016

BEFORE:  BENDER, P.J.E., DUBOW, J., and PLATT, J.*

MEMORANDUM BY PLATT, J.:                    FILED DECEMBER 19, 2017

Appellant, Brian Keith Onesko, appeals from the judgment of sentence imposed after his jury conviction of two counts of robbery, one count each of criminal trespass,[1] simple assault, theft by unlawful taking, and receiving

_____

* Retired Senior Judge assigned to the Superior Court.

[1] In Leach v. Commonwealth, 141 A.3d 426 (Pa. 2016), our Supreme Court held that Act 192 of 2014, which contained, inter alia, amendments to 18 Pa.C.S.A. § 3503(b.1)(1)(iv) and § 3503(b.1)(2), (criminal trespass to steal defined secondary metals), violated the single-subject rule found in Article III, Section 3 of the Pennsylvania Constitution.  Hence, the Supreme Court declared Act 192 void in its entirety.  See Leach, supra at 435.  Instantly, Appellant was convicted and sentenced under subsection 3503(a)(1)(i) (surreptitious entry or remaining in building or occupied structure).  Therefore, the holding in Leach does not affect this case.

stolen property; and his trial court conviction of summary harassment.[2]  We affirm.

We take the following facts and procedural history from our independent review of the certified record.  The charges in this matter arose from Appellant's October 7, 2016 early morning assault and robbery of Frank E. Softa, the eighty-year-old owner of the Mid-Towne Café in Uniontown, Pennsylvania.  (See N.T. Trial, 4/03/17, at 7-11).  On October 7, 2016, Softa arrived at the café between 5:30 a.m. and 6:00 a.m., when he heard a knock at the back door.  (See id. at 9-10).  When Softa yelled out to ask if it was the delivery driver, Appellant responded affirmatively.  As Softa opened the door, Appellant pushed him down, causing him to cut his hand.  (See id. at 10-11).  Appellant wrapped Softa in a bear hug, and felt around in his pockets, before pushing him to the floor again.  (See id. at 11).  Softa has known Appellant "since he was a young kid," and, when he recognized him as his assailant, Softa asked Appellant, "Brian why are you doing this?  Your uncle's right in the back waiting for me to wait on him by the way."  (Id. at 12; see id. at 11).  Thereafter, Appellant warned Softa not to "call the cops" before running from the restaurant with the victim's wallet, which contained his driver's license, credit cards, and approximately fifteen dollars in cash.  (Id. at 18; see id. at 17).  Despite Appellant's warning, Softa called the police,

---

[2] 18 Pa.C.S.A. §§ 3701(a)(1)(iv) and (v), 3503(a)(1)(i), 2701(a)(1), 3921(a), 3925(a), and 2709(a)(1), respectively.

and when they arrived, he named Appellant as the perpetrator; later identifying him in a photo line-up. (See id. at 14-15, 28; N.T. Trial, 4/04/17, at 80-82). After the incident, Softa was transported, via ambulance, to the hospital, where he received stiches for his bleeding hand. (See N.T. Trial, 4/03/17, at 16-17). He also underwent chiropractic treatment for back injuries suffered in the assault. (See id. at 17).

Keith Bowers was walking to the gas station to get a newspaper and coffee in the early morning hours of October 7, 2016, when he heard a commotion, saw Softa with blood on him, and watched a man run from the area of the Mid-Towne Café. (See id. at 29-31). Bowers heard Softa say something to the effect of, "[D]on't do this Brian[.]" (Id. at 31). At trial, Bowers identified Appellant in the courtroom as the man he had seen running from the café. (See id. at 33).

In the early morning of October 7, 2016, Officer Michael Bittner of the Uniontown Police Department was dispatched to the Mid-Towne Café in response to a report that "Brian" had assaulted the owner and taken his money. (Id. at 42). Officer Bittner observed Softa's injured hand and saw blood on his person, in the restaurant, and on the sidewalk. (See id. at 43). In his interview with the officer, Softa told him that Brian was the perpetrator; and he identified Appellant by naming his family member. (See id. at 52-53).

On April 4, 2017, the jury convicted Appellant of the aforementioned charges and, on May 1, 2017, the court sentenced him to a term of not less

than three and one-half nor more than seven years' incarceration for one count of burglary, without any further penalty. On May 8, 2017, Appellant timely appealed, and filed a timely court-ordered concise statement of errors on May 26, 2017. See Pa.R.A.P. 1925(b). The trial court filed an opinion on July 14, 2017. See Pa.R.A.P. 1925(a).

Appellant raises two questions for this Court's review: 1. "Was the evidence insufficient find (sic) the Appellant guilty beyond a reasonable of (sic) the criminal charges[;]" and 2. "Did the court err by refusing to read the requested jury instruction proposed by the defense?" (Appellant's Brief, at 7) (unnecessary capitalization omitted).

In his first issue, Appellant argues that the evidence was insufficient to convict him. (See id. at 10-15). Appellant's claim is waived.

It is well-settled that:

> In order to preserve a challenge to the sufficiency of the evidence on appeal, an appellant's Rule 1925(b) statement must state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient. Such specificity is of particular importance in cases where, as here, the appellant was convicted of multiple crimes each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt. . . .

Commonwealth v. Garland, 63 A.3d 339, 344 (Pa. Super. 2013) (citations and quotation marks omitted); see also Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the [Rule 1925(b)] Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.").

In the case before us, Appellant's Rule 1925(b) statement does not identify which element or elements of which crime or crimes the Commonwealth allegedly failed to prove. (See Statement of Matters Complained of on Appeal, 5/26/17, at 1 ¶ 1). Specifically, his statement merely queries, "Was the evidence insufficient find (sic) the Appellant guilty beyond a reasonable of (sic) the criminal charges[?]" (Id.) (unnecessary capitalization omitted). Accordingly, because the statement does not identify which specific elements of which crimes the Commonwealth allegedly failed to prove, Appellant's challenge to the sufficiency of the evidence is waived.[3] See Garland, supra at 344.[4]

_____

[3] We also note that, in his argument summary, Appellant maintains that the evidence was insufficient to establish that he violated the Drug Act. (See Appellant's Brief, at 9). Because Appellant was neither charged with, nor convicted of, violating the Drug Act, we presume this was a scrivener's error. Additionally, the argument section of Appellant's brief fails to identify the crimes or their specific elements, and fails to provide germane argument to support a claim that the Commonwealth failed to meet its burden of proof. (See id. at 10-15). Accordingly, his issue is waived on this basis, as well. See Commonwealth v. Irby, 700 A.2d 463, 464 (Pa. Super. 1997) ("[A]rguments which are not sufficiently developed are waived.") (citation omitted).

[4] Moreover, Appellant's apparent claim, that there was insufficient evidence to identify him as the perpetrator of the crimes because the testimony "was so contradictory as to render it incapable of reasonable reconciliation[,]" is frivolous. (Appellant's Brief, at 14). Softa, who had known Appellant since he was a child, unequivocally identified him as the individual who assaulted him, as did witness Bowers. Neither man deviated from their identification of Appellant. "[T]he [finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence." Commonwealth v. Grays, 167 A.3d 793, 806 (Pa.

In his second issue, Appellant maintains that the trial court erred in failing to give his requested instruction, Suggested Standard Jury Instruction 4.07A, identification testimony—accuracy not in doubt. (See Appellant's Brief, at 16-18). This issue also is waived.

"It is well-settled . . . that this Court may consider only the facts that have been duly certified in the record when deciding an appeal. Moreover, it is Appellant's responsibility to ensure that this Court has the complete record necessary to properly review a claim." Commonwealth v. Kennedy, 151 A.3d 1117, 1127 (Pa. Super. 2016) (citations and internal quotation marks omitted); see also Pa.R.A.P. 1921, Note. "This requirement is not a mere technicality . . . . In the absence of an adequate certified record, there is no support for an appellant's arguments and, thus, there is no basis on which relief could be granted." Commonwealth v. Preston, 904 A.2d 1, 7 (Pa. Super. 2006) (en banc), appeal denied, 916 A.2d 632 (Pa. 2007) (internal quotation marks omitted).

> [I]n reviewing a challenge to the trial court's refusal to give a specific jury instruction, it is the function of this [C]ourt to determine whether the record supports the trial court's decision. In examining the propriety of the instructions a trial court presents to a jury, our scope of review is to determine whether the trial court committed a clear abuse of discretion or an error of law which controlled the outcome of the case. A jury charge will be deemed erroneous only if the charge as a whole is inadequate, not clear or has a tendency to mislead or confuse, rather than clarify, a material issue. A charge is considered adequate unless the jury

_____

Super. 2017) (citation omitted). Therefore, Appellant's claim, even if not waived, would not merit relief.

- 6 -

was palpably misled by what the trial judge said or there is an omission which is tantamount to fundamental error. Consequently, the trial court has wide discretion in fashioning jury instructions. The trial court is not required to give every charge that is requested by the parties and its refusal to give a requested charge does not require reversal unless the Appellant was prejudiced by that refusal.

Commonwealth v. Thomas, 904 A.2d 964, 970 (Pa. Super. 2006) (citations and quotation marks omitted).

Here, although Appellant objects to the trial court's denial of his jury instruction request, the trial transcript does not include the jury instructions that the court actually did give. (See N.T. Trial, 4/03/17, at 6; N.T. Trial, 4/04/17, at 98). Therefore, we are unable to review the adequacy of the instructions as a whole, as is required by our standard of review. See Thomas, supra at 970. Hence, Appellant's second issue is waived.[5]

Moreover, even if we did possess the jury instructions to enable our review, the claim would not afford Appellant with relief, because he failed even to argue, let alone establish, that the court's decision prejudiced him. (See

_____

[5] In addition, in violation of Rule 2119(a), Appellant fails to provide pertinent law and discussion in support of this claim. (See Appellant's Brief, at 16-18); see also Pa.R.A.P. 2119(a)-(b). Instead, he offers one boilerplate citation without any germane discussion thereof. (See Appellant's Brief, at 17-18). Additionally, although Appellant states that he requested the instruction "[a]t the close of trial," he fails to identify where, or even if, he objected to the court's denial. (Id. at 16; see id. at 16-18); Pa.R.A.P. 2119(c). Therefore, Appellant's second challenge is waived on these bases, as well. See Irby, supra at 464; Pa.R.A.P. 2119(a)-(c).

- 7 -

Appellant's Brief, at 16-18); see also Thomas, supra at 970. Therefore, even if not waived, Appellant's claim would not merit relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/19/2017