J-A25013-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                               :              PENNSYLVANIA
                               :
              v.               :
                               :
                               :
LAMONT CAESAR,                 :
                               :
              Appellant        :   No. 2575 EDA 2017

Appeal from the PCRA Order August 3, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0300183-2005,
CP-51-CR-0300191-2005, CP-51-CR-0900721-2005

BEFORE:  PANELLA, J., DUBOW, J., and KUNSELMAN, J.

MEMORANDUM BY DUBOW, J.:                        **FILED JANUARY 24, 2019**

Appellant, Lamont Caesar, appeals from the Order dismissing his first Petition, filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  On appeal, he asserts counsel provided ineffective assistance for failing to preserve certain issues pertaining to the discretionary aspects of his sentence, and claims that his sentence is illegal pursuant to *Alleyne v. United States*, 570 U.S. 99 (2013).  After careful review, we affirm.

On January 20, 2006, Appellant entered open guilty pleas on three different dockets to multiple counts of robbery, aggravated assault, attempted murder, and various firearms offenses that he committed during a three-day crime spree in October 2004.  The court subsequently sentenced him on the three dockets to an aggregate term of twenty to forty-eight years' imprisonment.  Appellant did not file a timely appeal from his Judgment of Sentence.

Following reinstatement of Appellant's direct appeal rights *nunc pro tunc* and a subsequent appeal, this Court affirmed Appellant's Judgment of Sentence on June 23, 2014.[1] Appellant did not seek review with the Pennsylvania Supreme Court.

On January 16, 2015, Appellant timely filed the instant PCRA Petition, *pro se*, and filed Amended Petitions *pro se* on February 22, 2015, and April 14, 2015. The PCRA court appointed counsel who filed an Amended Petition on August 2, 2016, and a Supplemental Amended Petition on February 22, 2017.

On May 16, 2017, the Commonwealth filed a Motion to Dismiss. After issuing a Notice pursuant to Pa.R.Crim.P. 907 and an Amended Rule 907 Notice, on August 3, 2017, the PCRA court dismissed Appellant's Petition without a hearing.[2]

This appeal followed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

---

[1] ***Commonwealth v. Caesar***, 1813 EDA 2009 (Pa. Super. filed June 23, 2014) (unpublished memorandum). On direct appeal, Appellant challenged only the discretionary aspects of sentence, asserting that the sentencing court did not weigh mitigating facts. We concluded that Appellant waived issues pertaining to the trial court's alleged failure to state on the record (1) the guideline ranges for the offenses; and (2) adequate reasons for those sentences which exceeded the standard range of the guidelines, for failing to raise the issues in his Pa.R.A.P. 1925(b) Statement or in his statement of the questions involved. ***Id***. at 8.

[2] The Honorable William J. Mazzola, who sat as the PCRA court, also presided at Appellant's sentencing proceeding.

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014). There is no right to a PCRA hearing; a hearing is unnecessary where the PCRA court can determine from the record that there are no genuine issues of material fact. Pa.R.Crim.P. 907(a); **Commonwealth v. Jones**, 942 A.2d 903, 906 (Pa. Super. 2008).

In his Brief, Appellant raises three issues:[3] (1) the PCRA court erred in dismissing the Petition without holding a hearing; (2) appellate counsel provided ineffective assistance for failing to preserve certain alleged sentencing court errors in a post-sentence motion or in his Rule 1925(b) statement; and (3) his sentence is illegal pursuant to **Alleyne**, **supra**.

The law presumes counsel has rendered effective assistance, and the burden of demonstrating ineffectiveness rests with an appellant. **Commonwealth v. Rivera**, 10 A.3d 1276, 1279 (Pa. Super. 2010). To

---

[3] Appellant's counselled Brief contains a Statement of Questions Involved consisting merely of two general claims of PCRA court error: failure to hold a hearing and the denial of relief on his layered ineffectiveness claims. **See** Appellant's Brief at 8. We remind counsel that Pa.R.A.P. 2116(a) requires the Statement of Questions Involved to "state concisely the issues to be resolved" and provides that "[n]o question will be considered unless it is stated in the [S]tatement of [Q]uestions [I]nvolved or is fairly suggested thereby." Pa.R.A.P. 2116(a). Notwithstanding that Appellant did not raise an issue regarding the legality of his sentence in the Statement of Questions Involved, we will address the merits of that claim, as well as the other claims, set forth in the brief. **See Commonwealth v. Archer**, 722 A.2d 203, 209 (Pa. Super. 1998) (explaining that a defendant cannot waive an illegal sentence claim).

satisfy this burden, Appellant must plead and prove by a preponderance of the evidence that: (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for acting or failing to act; and (3) the petitioner suffered resulting prejudice. *Commonwealth v. Reyes-Rodriguez*, 111 A.3d 775, 780 (Pa. Super. 2015); *Commonwealth v. Pierce*, 527 A.2d 973, 975-76 (Pa. 1987). A petitioner must prove all three factors or the claim fails. *Commonwealth v. Baumhammers*, 92 A.3d 708, 719 (Pa. 2014). Courts will not find counsel ineffective for failing to pursue a baseless or meritless claim. *Commonwealth v. Taylor*, 933 A.2d 1035, 1042 (Pa. Super. 2007).

In the context of a challenge to appellate counsel's stewardship for failing to raise specific challenges to the discretionary aspects of a sentence, prejudice may be established only by pleading and proving that the challenge would have resulted in "a reduction in the sentence." *Commonwealth v. Reaves*, 923 A.2d 1119, 1132 (Pa. 2007).

Appellant argues that appellate counsel provided ineffective assistance because the Rule 1925(b) Statement did not raise the following two sentencing court errors of merit: (1) the sentencing court failed to state the guideline ranges for the offenses; and (2) the sentencing court failed to state an adequate reason for sentencing Appellant in the aggravated range. Appellant's Brief at 19. Appellant concludes that because appellate counsel failed to raise these issues and the Superior Court determined that Appellant,

thus, waived them, he was denied the opportunity to prove that the trial court erred in failing to "give sufficient attention to" four mitigating factors when sentencing Appellant. *Id*. at 20-21.

Contrary to Appellant's contention, appellate counsel did challenge the sentencing court's alleged failure to consider and apply mitigating factors at sentencing, and this Court concluded that the issue did not present a substantial question. However, the Court also observed that

> [T]he court had the benefit of a PSI report. 'Our Supreme Court has ruled that where pre-sentence reports exist, the presumption will stand that the sentencing judge was both aware of and appropriately weighed all relevant information contained there.' [**Commonwealth v.**]**Griffin**, [804 A.2d 1, 8 (Pa. Super. 2002)], citing **Commonwealth v. Devers**, 546 A.2d 12, 18 (Pa. 1988).
>
> At any rate, we note that there was extensive discussion concerning [A]ppellant's drug problem and that he was allegedly abusing Xanax and marijuana at the time of the incidents. The trial court considered this testimony as well as other mitigating evidence offered by the defense, including from [A]ppellant's family members. Certainly the trial court was well aware of [A]ppellant's lack of a criminal history. The trial court noted that it could have imposed a far longer sentence, but was swayed by the testimony of [A]ppellant's family. The trial court did state as an aggravating factor that [A]ppellant victimized some of the same people twice during this three-day crime spree. In short, there is simply nothing to support [A]ppellant's baseless argument that the trial court did not weigh mitigating evidence together with all other factors in fashioning [A]ppellant's sentence. There is nothing to review here.

*Caesar*, *supra*, at 7-8.

Accordingly, Appellant's claim fails as appellate counsel did raise a claim regarding the application of mitigating factors and the Superior Court considered the trial court's use of them.

With respect to his claim that appellate counsel should have raised a claim in his Rule 1925(b) Statement that the sentencing court failed to state its reasons on the record, Appellant fails to acknowledge that, in the context of an ineffectiveness review, he must first prove that the underlying challenge is meritorious. That is, Appellant must first show that the appellate court would have found that the trial court did not state its reasons on the record and the appellate court, as a result, would have remanded for resentencing on that basis.

A sentencing court is required to place on the record its reasons for the imposition of the sentence. 42 Pa.C.S. § 9721(b). As we noted above, the sentencing judge can satisfy this requirement by identifying on the record that he was informed by a presentence report. ***Commonwealth v. Pennington***, 751 A.2d 212, 217 (Pa. Super. 2000). Where the sentencing court has the benefit of a pre-sentence report, the law presumes that the court "was aware of the relevant information regarding the defendant's character and weighed those considerations along with the mitigating statutory factors" delineated in the Sentencing Code. ***Commonwealth v. Devers***, 546 A.2d 12, 18 (Pa. 1988). "Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed." ***Id.***

Where a sentence exceeds the guidelines, the Sentencing Code requires a trial judge to demonstrate, on the record, "his awareness of the guideline ranges." ***Commonwealth v. Griffin***, 804 A.2d 1, 7 (Pa. Super. 2002)

(citation omitted). "Having done so, the sentencing court may, in an appropriate case, deviate from the guidelines by fashioning a sentence which takes into account the protection of the public, the rehabilitative needs of the defendant, and the gravity of the particular offense as it relates to the impact on the life of the victim and the community." *Id.* at 8. "In doing so, the sentencing judge must state of record the factual basis and specific reasons which compelled him or her to deviate from the guideline ranges." *Id.* (citation omitted). "When evaluating a claim of this type, it is necessary to remember that the sentencing guidelines are advisory only. *Id.* (citation omitted).

Appellant fails to specify which sentences appellate counsel should have challenged and does not attempt to inform us of the applicable sentencing guidelines or the statutory maximums that are at issue.[4] Given "Appellant's failure to develop meaningful argument with specific reference to the record in support of his claim[]," *Commonwealth v. Murchinson*, 899 A.2d 1159, 1162 (Pa. Super. 2006), we are constrained to find his claim waived. *See Commonwealth v. Irby*, 700 A.2d 463, 464 (Pa. Super. 1997) (holding that "arguments which are not sufficiently developed are waived"); *see also Commonwealth v. Kane*, 10 A.3d 327, 331 (Pa. Super. 2010) (citation

---

[4] We note that the sentencing court had the benefit of Appellant's PSI report, and so stated on the record at sentencing. *See* N.T. Sentencing, 3/29/06, at 63-69; PCRA Ct. Op., 12/5/17, at 6; *Caesar*, *supra*, at 7-8.

omitted) ("This Court will not act as counsel and will not develop arguments on behalf of an appellant."); Pa.R.A.P. 2119 (delineating briefing requirements).

Further, contrary to Appellant's belief that his sentence was "harsh and unreasonable and would have raised a substantial question on appeal," Appellant's Brief at 21, this bare averment lacks the specificity needed to establish a claim of arguable merit. Additionally, the Superior Court already concluded that Appellant's claim does not raise a substantial question. Accordingly, this ineffective assistance of counsel claim fails. **See Caesar**, 1813 EDA 2009, at 6.

In his last issue, Appellant argues, without citation to the record and with no factual context pertaining to his own case, that "his sentence is illegal because the mandatory minimum sentencing provision of 42 Pa.C.S. § 9712 is unconstitutional." Appellant's Brief at 22. He notes, after a meandering review of case law that ends with a discussion of **Alleyne v. United States**, 133 S.Ct. 2151 (2013), that "Section 9712 [is unconstitutional because it] permits the trial court, as opposed to the jury, to increase a minimum sentence based upon a preponderance of the evidence that the defendant visibly possessed a firearm and placed the victim in reasonable fear of death of serious bodily injury." Appellant's Brief at 25-26.

The PCRA Court, however, found that it did not impose a mandatory minimum sentence. **See** PCRA Ct. Op. at 14, *citing* N.T. Sentencing, 3/29/06,

at 63-69. Thus, **Alleyne** does not apply. Our review confirms that the court did not make any mention of the imposition of a mandatory minimum.

Based on the foregoing, the PCRA court did not abuse its discretion in dismissing Appellant's PCRA Petition without a hearing. **See Jones**, **supra** at 906 (holding that a hearing is not necessary where the PCRA court can discern from the record "that there are no genuine issues of material fact."). We, thus, affirm the PCRA court's Order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/24/19